# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-60515
Conference Calendar

ANTONIO MOORE

Plaintiff-Appellant

v.

KEVIN THOMAS; LEPHER JENKINS, Warden; CHRISTOPHER B EPPS, Commissioner; CHARLETT PIGUES, Sergeant

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:07-CV-56

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Antonio Moore, Mississippi prisoner # L0149, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court dismissed Moore's 42 U.S.C. § 1983 complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), holding that his challenge to a prison rule violation report did not implicate the Due Process Clause. The district court denied Moore's motion for leave to proceed IFP on appeal and certified that the appeal was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

taken in good faith, finding that he had no basis in law or fact to appeal. By moving for leave to proceed IFP on appeal, Moore is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Moore's IFP motion addresses only his indigence. He does not brief any argument regarding the district court's certification that an appeal from the dismissal of his § 1983 complaint would be frivolous. Failure to identify any error in the district court's analysis is the same as if the appellant had not appealed the judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Moore has not shown that the district court's certification that an appeal would not be taken in good faith was incorrect. The instant appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Moore's request for IFP is denied, and his appeal is dismissed. See Baugh, 117 F.3d at 202, n.24; 5TH CIR. R. 42.2. Moore is cautioned that the dismissal of his § 1983 suit by the district court pursuant to § 1915(e)(2)(B) and our dismissal of this appeal as frivolous both count as strikes under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Moore is also cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.